IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ronakkumar Patel, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 25 C 657 |
| ) | |
| ) | |
| Kristi Noem, Secretary, ) | |
| Department of Homeland ) | |
| Security, and Kika Scott, ) | |
| Senior Official Performing the ) | |
| Duties of the Director for ) | |
| U.S. Citizenship and ) | |
| Immigration Services, ) | |
| ) | |
| Defendants. ) | |

Memorandum Opinion and Order

Ronakkumar Patel, a citizen of India, applied for a U-Visa, which confers nonimmigrant status on victims of specified crimes who provided assistance to law enforcement. He submitted his U-Visa petition in June 2023, but to date no decision has been made. Patel now seeks a court order--either under the Administrative Procedure Act (APA) or in the form of a writ of mandamus--requiring defendants[1] to take certain actions with respect to his petition.

---

[1] The defendants named in the case caption have been automatically substituted for those named in the complaint pursuant to Federal Rule of Civil Procedure 25(d). The defendants will collectively be referred to in this opinion as U.S. Citizenship and Immigration Services (USCIS), as that is the entity to which the Department of

Specifically, Patel wants USCIS to make what is known as a "bona fide determination," decide whether he should be placed on a waiting list for a U-Visa, or decide whether he is otherwise entitled to receive work authorization while his petition is pending.

USCIS moves to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim under Rules 12(b)(1) and 12(b)(6). For the reasons below, the motion is granted.

I.

Congress established the U-Visa program in 2000 to provide relief including lawful nonimmigrant status and employment authorization to noncitizens who are victims of serious crime and who cooperate with law enforcement. *See* 8 U.S.C. § 1101(a)(15)(U) (providing statutory eligibility criteria); *id.* § 1184(p) (providing agency duties and procedures for applying). Under 8 U.S.C. § 1184(p)(2)(A), however, only 10,000 such visas may be issued each fiscal year, a figure routinely exceeded by the number of petitions filed.

Regulations built upon this statutory scaffolding afford those with pending but unresolved petitions the possibility of interim benefits. For instance, while their U-Visa petitions are

---

Homeland Security has delegated the duty of processing U-Visa applications.

pending, petitioners may receive work authorization through two distinct tracks: the waitlist track and the "bona fide determination" (BFD) track. *See Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 443 (6th Cir. 2022). The waitlist is for "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status." 8 C.F.R. § 214.14(d)(2). Placement on the waitlist comes with deferred action or parole and potential work authorization. *See id.*

In 2021, USCIS implemented the BFD track. *See Kothari v. Dir. of U.S. Citizenship & Immigr. Servs.*, No. 3:24 C 50101, 2025 WL 732075, at *3 (N.D. Ill. Jan. 24, 2025) (cataloguing the USCIS policy documents detailing the BFD process). The authority for this process derives in part from 8 U.S.C. § 1184(p)(6), which states that "[t]he Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title."

## II.

USCIS moves to dismiss on the basis that 8 U.S.C. § 1252(a)(2)(B)(ii) strips courts of jurisdiction over Patel's claims.[2] That provision states, with some exceptions not relevant

---

[2] USCIS makes another jurisdictional argument with respect to Patel's claim for mandamus relief. Namely, to qualify for such relief, a party "must first show that it has no other adequate means to obtain relief." *FedEx Ground Package Sys., Inc. v. U.S. Jud. Panel on Multidistrict Litig.*, 662 F.3d 887, 890 (7th Cir. 2011) (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380

3

here, that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." *Id.* The "subchapter" to which § 1252(a)(2)(B)(ii) applies includes 8 U.S.C. §§ 1151–1381. *See Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010).

Patel seeks a court order requiring USCIS to do one or more of the following: (1) adjudicate his request for work authorization, (2) determine whether he is entitled to a BFD, and (3) determine whether he is entitled to placement on the waitlist.[3]

A.

Patel's request for work authorization hinges on the language in 8 U.S.C. § 1184(p)(6). As previously noted, that provision

---

(2004)). USCIS maintains that the mandamus relief Patel seeks is duplicative of that he seeks under the APA. Patel fails to respond to this argument, resulting in waiver. *See Bradley v. Vill. of Univ. Park*, 59 F.4th 887, 897–98 (7th Cir. 2023). Patel's claim for mandamus relief is accordingly dismissed for lack of jurisdiction. *See Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016) (mandamus threshold requirements are jurisdictional).

[3] At points in his response brief, Patel suggests that USCIS must adjudicate his U-Visa application as a whole. That is functionally the same as making a waitlist determination, since as explained above placement on the waitlist means that you are entitled to a U-Visa but cannot presently receive one because of the statutory cap. *See* 8 C.F.R. § 214.14(d)(2). Therefore, the discussion and disposition below with respect to Patel's waitlist determination demand applies with equal force to his demand that USCIS adjudicate his U-Visa application.

states in relevant part that the "Secretary *may* grant work authorization" to those with pending U-Visa applications. *Id.* (emphasis added). The use of the word "may" triggers § 1252(a)(2)(B)(ii)'s denial of jurisdiction. *Bouarfa v. Mayorkas*, 604 U.S. 6, 13–14 (2024) ("As '[t]his Court has repeatedly observed,' 'the word may *clearly* connotes discretion.'" (emphasis in original) (quoting *Biden v. Texas*, 597 U.S. 785, 802 (2022); additional citations and internal quotation marks omitted)).

That bar on jurisdiction extends not only to USCIS's substantive decision to grant or deny work authorization under § 1184(p)(6), but also to "'any . . . action' leading to [that] decision[] as well," including timing. *Garcia v. U.S. Citizenship & Immigr. Servs.*, 760 F. Supp. 3d 671, 673 (N.D. Ill. Dec. 23, 2024) (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)); *see Patel v. Noem*, No. 24 C 12143, 2025 WL 1489204, at *2 (N.D. Ill. May 23, 2025) ("Because the decision to grant [work authorization] is at USCIS's discretion, the decision to delay adjudicating [a work authorization] application likewise is discretionary and barred by § 1252(a)(2)(B)(ii)." (citations omitted)).

Patel argues that regardless of whether § 1184(p)(6) gives USCIS discretion with respect to granting or denying applications for work authorization, USCIS must at least decide whether to grant or deny him a BFD. As other courts have held, however, the term "bona fide," which is integral to a BFD, is nowhere defined in the

5

statutory scheme. Couched as that term is in § 1184(p)(6), which otherwise accords USCIS discretion, interpretation of that term is itself subject to USCIS's discretion. *See, e.g.*, *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 256–58 (E.D.N.Y. 2021) ("There is simply insufficient definitional content in the phrase 'bona fide' to compel agency action in the context of a statute that is framed, on its face, as discretionary.").

Patel further presses that USICS must make a decision regarding a BFD because the USCIS policy manual contains language that, in his view, mandates USCIS to determine whether a pending petition is bona fide.[4] However, the statute's conferral of discretion overrides any more detailed explanation of the BFD process espoused in USCIS policy documents. In any event, even the policy manual explains that after USCIS has decided whether a petition is bona fide, it then determines "in its discretion" whether the petitioner poses safety or security risks and otherwise merits a favorable exercise of discretion.[5]

---

[4] *See* U.S. Citizenship and Immigration Services, *USCIS Policy Manual, Chapter 5: Bona Fide Determination Process*, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 ("USCIS *first determines* whether a pending petition is bona fide." (emphasis added)).

[5] *See id.* ("Second, USCIS, in its discretion, determines whether the petitioner poses a risk to national security or public safety, and otherwise merits a favorable exercise of discretion.").

Patel relies heavily on *Barrios Garcia v. United States Department of Homeland Security*, 25 F.4th 430 (6th Cir. 2022). There, the Sixth Circuit concluded, as I do below, that § 1252(a)(2)(B)(ii) presents no bar to courts deciding whether waitlist placement determinations have been unreasonably delayed. *See id.* at 443. But it went further and held that courts can also decide whether there has been an unreasonable delay in adjudicating pre-waitlist work authorization applications. *See id.* It rested its conclusion in part on the absence of a statutory description of the BFD process, which in its view was the basis for pre-waitlist work authorization. *See id.* I disagree for the reasons given above and explained by the court in *N-N*; namely, that a determination of whether a petition is "bona fide" is discretionary, which means granting or denying a BFD is discretionary too. *See N-N*, 540 F. Supp. 3d at 256–58; *see also Gonzalez v. Cuccinelli*, 985 F.3d 357, 367 (4th Cir. 2021) ("Plaintiffs argue that the 'pending, bona fide' language in § 1184(p)(6) sets a 'specific statutory standard' requiring adjudication. But several circuits, including our own, have rejected that such broad 'standards' render decisions reviewable." (citation omitted)).

The *Barrios Garcia* court additionally held that, regardless of the existence of the BFD process, the use of the word "may" in § 1184(p)(6) does not unambiguously confer discretion. *See Barrios*

7

*Garcia*, 25 F.4th at 443–44. As explained above, however, the Supreme Court has repeatedly stressed that the word "may" clearly connotes discretion, so I find the Sixth Circuit's reasoning on this point unpersuasive as well.

B.

Patel next contends that USCIS lacks discretion over whether to adjudicate his eligibility for the waitlist. Courts have split on this issue. *Compare, e.g.*, *Gonzalez*, 985 F.3d at 374 n.10 (determining these claims are reviewable); *Moreno v. Wolf*, 558 F. Supp. 3d 1357, 1364 (N.D. Ga. 2021) (same); *Uranga v. U.S. Citizenship & Immigr. Servs.*, 490 F. Supp. 3d 86, 101–02 (D.D.C. 2020) (same), *with Hasan v. Wolf*, 550 F. Supp. 3d 1342, 1347–48 (N.D. Ga. 2021) (concluding the opposite); *Butanda v. Wolf*, 516 F. Supp. 3d 1243, 1248–49 (D. Colo. 2021) (same). As the Fourth Circuit explained in *Gonzalez*, "[u]nlike the requested work authorizations, Congress mandated that the agency pass implementing regulations for the U-Visa program." 985 F.3d at 374 n.10 (citing 8 U.S.C. § 1101(a)(15)(U)). USCIS did so, "commit[ing] itself by regulation to place eligible applicants on the waiting list." *Id.* (citation omitted); *see* 8 C.F.R. § 214.14(d)(2) ("All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status *must* be placed on a waiting list." (emphasis added)). I agree that in the absence of a statutory grant of discretion in this context, these regulations

8

are sufficient to empower courts to entertain claims of unreasonable delay.

For its part, the government does not argue that § 1252(a)(2)(B)(ii) impedes jurisdiction on this issue, instead arguing that the issue is not ripe. In its view, "because [Patel] will be considered for an employment authorization and deferred action through the [BFD] process, he may not ever need any [waitlist determination]." Reply, ECF 13 at 2. In other words, Patel might proceed via the BFD track rather than the waitlist track. Accepting this argument could lead to the perverse result that, by indefinitely delaying a decision on Patel's request for a BFD--a decision-making process which, as explained above, occurs without the possibility of judicial review--USCIS could insulate itself from ever having to make a waitlist determination, thereby granting itself the discretion the statutory scheme withholds.

That troubling possibility aside, USCIS's argument fails for the basic reason that Patel's claim that his waitlist determination has been unreasonably delayed is ripe. A case fails for lack of ripeness "when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008) (citation and internal quotation marks omitted). Patel's assertion that he is entitled to a waitlist determination is not hypothetical, it is concrete. He alleges that he has filed

9

the proper paperwork, and the regulations suggest USCIS has a duty to make a determination. While true that a favorable BFD could obviate the need for a waitlist determination, a grant or denial of a BFD is not a prerequisite for a waitlist determination. Ripeness therefore poses no issue.

### III.

Having survived the jurisdictional inquiry, Patel's waitlist determination claim must also withstand USCIS's arguments for dismissal under Rule 12(b)(6). The APA provides that agencies "within a reasonable time . . . shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). In connection with this command, courts may "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). To determine whether agency delay is unreasonable, courts employ the framework set forth in *Telecommunications Research & Action Center v. Federal Communications Commission*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"). The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any

10

> impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* at 80 (internal quotation marks and citations omitted).

Patel agrees that the *TRAC* factors supply the right standard to assess unreasonable delay claims, but maintains that resolution of such claims must await discovery. However, the Seventh Circuit in *Calderon-Ramirez v. McCament*, 877 F.3d 272, 276 (7th Cir. 2017) affirmed dismissal of an APA unreasonable delay claim, concluding that a U-Visa applicant's wait for adjudication by USCIS was not unreasonable. While the *Calderon-Ramirez* court did not expressly apply the *TRAC* factors, that does not affect the relevant point for which that case stands: courts can, at least in some cases, determine at the pleading stage whether an unreasonable delay claim may proceed. *See Romero v. Scott*, No. 24 CV 4372, 2025 WL 815071, at *4 (N.D. Ill. Mar. 12, 2025) ("Courts routinely analyze the [*TRAC*] factors in immigration cases at the motion to dismiss stage, and the Court will do so here." (citing *Ebrahimi v. Blinken*, 732 F. Supp. 3d 894, 909–13 (N.D. Ill. 2024); *Orozco v. Blinken*, No. 22 C 5134, 2023 WL 4595377, at *3 (N.D. Ill. July 18, 2023))). That is not to say that there are not cases in which discovery might be required before the *TRAC* factors can offer meaningful guidance. *See, e.g.*, *Ruiz v. Wolf*, No. 20 C 4276, 2020 WL 6701100, at *4 (N.D. Ill. Nov. 13, 2020) (holding in case seeking APA and mandamus relief with respect to U-Visa waitlist adjudication that

11

*TRAC* analysis had to wait until after discovery). The central question, as always on a Rule 12(b)(6) motion to dismiss, is whether the complaint plausibly alleges a claim for relief. In this case, the *TRAC* factors show it does not.

On the first factor--whether the agency proceeds via a rule of reason--Patel alleges that the regulations do not require USCIS to process U-Visa applications in the order in which they are received, but must do so only for applications already placed on the waitlist. However, USCIS maintains that it "adjudicate[s] petitions on a first in, first out basis." 72 Fed. Reg. 53,033. Accordingly, courts have routinely concluded, including at the pleading stage, that USCIS adjudicates U-Visa petitions in the order in which they are received. *See, e.g.*, *Romero*, 2025 WL 815071, at *4 (citing 72 Fed. Reg. 53,014, 53,033–34; 8 C.F.R. § 214.14(d)(2)); *Lubega v. Mayorkas*, No. 23 cv 17177, 2024 WL 4206425, at *2 (N.D. Ill. Sept. 11, 2024) (citing *Aljabari v. Mayorkas*, No. 21-cv-6645, 2022 WL 2073047, at *3 (N.D. Ill. June 9, 2022)). That orderly process constitutes a rule of reason. *See Romero*, 2025 WL 815071, at *4 ("A standard 'first-in, first-out' process has been recognized as logical and reasonable under the *TRAC* analysis." (citing *N-N*, 540 F. Supp. 3d at 261)). Thus, the first factor favors USCIS.

The second factor--whether Congress has provided a timeframe --also favors USCIS. "Absent a congressionally supplied yardstick,

12

courts typically turn to case law as a guide." *Sarlak v. Pompeo*, No. 20-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) (citation omitted). Here, Patel alleges he submitted his application on June 13, 2023. There are "[n]o bright lines," but "courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Orozco*, 2023 WL 4595377, at *4 (internal quotation marks omitted) (quoting *Sarlak*, 2020 WL 3082018, at *6). Furthermore, USCIS adjudicates 80% of U-Visa petitions within 33.5 months.[6] Patel offers no reason to doubt this figure. Accordingly, given the caselaw and typical processing times for U-Visa applications, this factor does not suggest that the roughly 25-month delay Patel has experienced to date is unreasonable.

The third and fifth factors--which concern whether the delay occurs in the sphere of economic regulation or regulation that touches on health and welfare, and the nature and extent of the interests prejudiced by delay--weigh in favor of Patel. Placement on the waitlist opens the door to possible work authorization.

---

[6] *See* U.S. Citizenship & Immigration Services, https://egov.uscis.gov/processing-times (last accessed June 25, 2025). At the time USCIS filed its opening brief, it represented that figure was 39.5 months and 37 months by the time it filed its reply; it has apparently decreased since then. I agree with USCIS that these processing times are subject to judicial notice. *See Orozco*, 2023 WL 4595377, at *1 n.1.

13

While work authorization is fundamentally economic in nature, the ability to work plausibly impacts one's ability to maintain his or her welfare. Moreover, waitlist placement also comes with deferred action, further implicating Patel's welfare. As for factor five, the absence of these benefits plausibly prejudices Patel.

Factor four--whether compelling the government to act will impact other, higher priority agency activities--weighs in USCIS's favor. Here, "expediting the delayed action would essentially allow Plaintiff[] to 'jump the line,' resulting in the redistribution of agency resources but no agency-wide net gain." *N-N*, 540 F. Supp. 3d at 263 (collecting cases making a similar observation). Applications ahead of Patel's are arguably higher priority by virtue of the longer time they have been pending. Granting Patel's request would delay their resolution.

As to the sixth factor, I simply note that there has been no allegation of impropriety made by Patel. This factor therefore receives neutral weight in my analysis.

Taken together, these factors show that Patel has failed to plausibly allege that the delay of just over two years that he has experienced is unreasonable. Accordingly, his APA claim that he is entitled to a determination regarding his waitlist placement is dismissed for failure to state a claim.

IV.

For the foregoing reasons, USCIS's motion to dismiss is granted on Rule 12(b)(6) grounds with respect to Patel's claim that he is entitled to a waitlist determination; it is otherwise granted under Rule 12(b)(1).


**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: June 26, 2025